ANNE KOPLE, PLAINTIFF-APPELLANT, v. ABRAHAM ZALON, TRADING AS THE RIVERSIDE COAT, APRON, TOWEL SUPPLY CO., DEFENDANT-RESPONDENT, AND EUGENE ISAACS, DEFENDANT.

Submitted February 17, 1939—Decided April 21, 1939.

For the plaintiff-appellant, *Marcus & Levy* (*Louis Santorf,* of counsel).

For the defendant-respondent Abraham Zalon, trading as Riverside Coat, Apron, Towel Supply Co., *Kellogg & Chance* (*R. Robinson Chance,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a determination of the Supreme Court making a rule to show cause absolute. The pertinent facts of the case are set out with clarity in the opinion of the Supreme Court—*Kople* v. *Zalon,* 121 *N. J. L.* 270, and need not be repeated here.

The case, a tort action for negligence, was tried in the Passaic Circuit Court where a jury found a verdict for the plaintiff. This we ascertain from the report of the *postea.* No

judgment appears in the state of case and the appeal might be dismissed at this juncture for want of such judgment, if for no other reason.

But, passing that for the moment, the record shows that after verdict a rule to show cause was allowed, argued and made absolute as to both defendants. Later another rule was allowed, the purpose of which was to correct or amend the order making the rule absolute. This rule, after argument, was discharged.

It was sought by the second rule to leave undisturbed the interlocutory judgment against Isaacs, one of the defendants, who did not file answer to the complaint. (Cf. opinion, Supreme Court, *Kople* v. *Zalon et al., supra.*) On application to Mr. Justice Heher, who presides in the district where this matter arose, a rule to show cause was allowed why the original rule to show cause should not be amended by the Supreme Court, and for other relief. The Supreme Court heard the matter and discharged the rule. We are in entire accord with the disposition made of the rule to show cause by the Supreme Court, as stated in the opinion written by Mr. Justice Parker. The plaintiff has now appealed to this court.

The matter before us is not appealable.

Under the ancient and modern practice a writ of error (now an appeal, Practice act, 1912) lies only from a final judgment that definitely settled the rights of parties and did not proceed from a matter resting in discretion. It is clear that this disposition of a rule to show cause by the trial court and by the Supreme Court is not a final judgment; and it is also clear that it is a matter resting in sound discretion. This rule of practice was luminously discussed by Chief Justice Beasley in *Eames* v. *Stiles,* 31 *N. J. L.* 490, and again by Chancellor Pitney in *Defiance Fruit Co.* v. *Fox,* 76 *Id.* 482; see, also, *Rutherford* v. *Fen,* 21 *Id.* 700; *McAdams* v. *Mundy,* 79 *Id.* 480; *Knight* v. *Cape May Sand Co.,* 83 *Id.* 597; *Corn* v. *Kaplan,* 103 *Id.* 628. Matters resting in discretion may not be argued for error. But the rule is otherwise when a party suffering thereby goes without day and abuse of discretion is urged and shown. See *Martin* v. *Lehigh Valley,* 114 *Id.* 243, and cases therein cited.

The appellant, however, urges that the trial court, in making the rule to show cause absolute, "abused the discretion reposed in him by law in awarding to both defendants a *venire de novo* on all the issues." This point was discussed by the Supreme Court and it was determined that no abuse of discretion was shown.

Finally, there is nothing in the record submitted to us disclosing the judgment of the Supreme Court. The opinion of that court is not part of the record. It is not argued that the Supreme Court abused its discretion and that would have to be the argument here since the appeal, if it were cognizable under the circumstances, would have to be addressed to judicial error in the last tribunal that passed on the case.

Appeal dismissed, with costs.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.